## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| ROBERT JAHNKE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> ENERSON LAW, LLC and CACH, LLC, <br><br> Defendants. | Case No.: 14-cv-1082 <br><br> **CLASS ACTION COMPLAINT** <br><br><br> **Jury Trial Demanded** |

## INTRODUCTION

1.      This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3.      Plaintiff Robert Jahnke is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.      Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, namely a Capital One credit card debt.

5.      Defendant Enerson Law, LLC ("Enerson") is a domestic limited liability company with its principal place of business located at 250 Bishops Way, Suite 300, Brookfield, WI 53005.

6. Enerson is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Enerson is a "debt collector" as defined in 15 U.S.C. § 1692a.

7. Defendant CACH, LLC ("CACH") is a foreign limited liability company with its principal place of business located at 1675 Broadway, Suite 1200, Denver, CO 80202.

8. CACH is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time CACH acquires them.

9. The FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. 15 U.S.C. § 1692a(6)(F)(iii); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), *citing Bailey v. Sec. Nat'l Serving Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1998); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-04 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

10. CACH uses third party debt collectors and attorneys, including Enerson, to collect allegedly defaulted debts that have been assigned to CACH.

11. A company meeting the definition of a "debt collector" under the FDCPA (here, CACH) is vicariously liable for the actions of a second company collecting debts on its behalf. *Pollice*, 225 F.3d at 404-05 (holding that cases holding assignee vicariously liable for its attorneys' FDCPA violations applies equally to non-attorney debt collectors); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006) (following *Pollice*, disagreeing with *Scally*); *contra Scally v. Hilco Receivables, LLC*, 392 F. Supp. 2d 1036, 1039 (N.D. Ill. 2005).

12. CACH, directly or indirectly, is a debt collector under the above arrangement and is jointly responsible for Enerson's actions. 15 U.S.C. § 1692a(6).

2

## **FACTS**

13.     On or about July 4, 2014, Enerson mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "CAPITAL ONE, N.A." A copy of this letter is attached as Exhibit A.

14.     Upon information and belief, Enerson first became involved in the collection of the alleged debt identified in Exhibit A after the alleged debt was in default.

15.     Upon information and belief, Exhibit A was the first letter Enerson sent Plaintiff regarding the alleged debt to which the letter refers.

16.     Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

17.     Exhibit A does not include the 15 U.S.C. § 1692g(a) notice, which requires:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

3

18.     Plaintiff did not receive any other written communications from Enerson containing the 15 U.S.C. § 1692g(a) notice, either before or after Exhibit A.

## COUNT I – FDCPA

19.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

20.     Enerson failed to provide to Plaintiff the required notice pursuant to 15 U.S.C. § 1692g(a).

21.     Enerson has thus failed to comply with the debt validation notice requirements pursuant to 15 U.S.C. § 1692g(a).

22.     Failure to provide the 15 U.S.C. § 1692g(a) notice is also a false representation or deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

23.     Defendants violated 15 U.S.C. §§ 1692g(a) and 1692e(10).

## CLASS ALLEGATIONS

24.     Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent an initial collection letter in the form represented by Exhibit A, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after September 3, 2013, (e) that was not returned by the postal service.

25.     The Class is so numerous that joinder is impracticable.  Upon information and belief, there are more than 50 members of the Class.

26.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

4

27.     Plaintiff's claims are typical of the claims of the Class members.  All are based on the same factual and legal theories.

28.     Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

29.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

**JURY DEMAND**

30.     Plaintiff hereby demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a)     actual damages;

(b)     statutory damages;

(c)     attorneys' fees, litigation expenses and costs of suit; and

(d)     such other or further relief as the Court deems proper.

Dated:  September 3, 2014

                                        **ADEMI & O'REILLY, LLP**

                        By:     /s/ John D. Blythin
                                Shpetim Ademi (SBN 1026973)
                                John D. Blythin (SBN 1046105)
                                3620 East Layton Avenue
                                Cudahy, WI 53110
                                (414) 482-8000
                                (414) 482-8001 (fax)
                                sademi@ademilaw.com
                                jblythin@ademilaw.com

5
